IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| RONALD R. BURTON | ) | |
| and CINDY M. BURTON, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 150413D |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION**[1] |

Plaintiffs appeal Defendant's Notice of Deficiency Assessment dated August 17, 2015, for the 2012 tax year. A trial was held in the courtroom of the Oregon Tax Court on January 29, 2016, in Salem, Oregon. Jennefer Anthony (Anthony) appeared and testified on behalf of Plaintiffs. Dane Palmer (Palmer) appeared and testified on behalf of Defendant. Plaintiffs' Exhibit 1 was received without objection. Defendant's Exhibits A through Q were received without objection. At trial, the parties stipulated that the only issues to be decided were disallowed depreciation and vehicle expenses.

## I. STATEMENT OF FACTS

Anthony testified that she has been a tax preparer since 2001 and assisted Plaintiffs in filing their 2012 income tax return. She testified that her knowledge of the facts of the case is based on Plaintiffs' statements to her.

Anthony testified that in 2012, Plaintiffs operated an embroidery business known as "Cindy Sew It," which necessitated using a vehicle to pick up supplies, make deliveries, and

---

[1] This Final Decision incorporates without change the court's Decision, entered June 29, 2016. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

attend events. In July 2011, Plaintiffs put into service for their business a 2011 Toyota truck that had a cost basis of $34,229. (Def's Ex B at 10.) Anthony testified that Plaintiffs used the Toyota truck in their business until March 9, 2012, when they "leased" a 2011 Mazda Van. (*Id.*)[2] Anthony testified that Plaintiffs used the vehicles "exclusively for business" in traveling to obtain supplies, going to shows, and to the bank. (*See* Ptfs' Ex 1.) Anthony testified that Plaintiffs also used the vehicles for getting food while attending shows and going to Les Schwab Tires to make payments on an outstanding balance. Plaintiffs deducted $1,501 as business related meal expenses on their 2012 tax return, but have abandoned claiming those expenses as a deduction for purposes of this appeal. (*See* Def's Ex J at 1-3.) Plaintiffs computed depreciation for the Toyota truck based on 100 percent business use, a cost basis of $34,229, a 5-year recovery period and a Half-Year, Double Declining Balance Method, and arrived at a depreciation figure of $5,477. (Def's Ex B at 10.)

Anthony testified Plaintiffs deducted $2,619 in vehicle expenses consisting of maintenance, repairs, fuel, and insurance. (*See* Def's Ex B at 7.) Plaintiffs presented receipts showing insurance expenditures for the vehicles in the sum of $809.77 (Def's Ex E at 21-32), and gasoline purchases in the sum of $982.77. Plaintiffs presented statements from Les Schwab Tires showing a balance as of December 2011 in the sum of $484.22 (Def's Ex G at 1-12.), DMV fees in the sum of $83.00 (Def's Ex G at 13.), a bill from A-1 Auto Glass showing an insurance deductible of $50.00 (Def's Ex G at 14.), and a receipt for vehicle accessories in the amount of $135.80 (Def's Ex G at 15.)

Anthony testified that Plaintiffs did not keep a contemporaneous mileage log for use of their vehicles because they intended to claim 100 percent business use and actual costs instead of

---

[2] Despite that testimony, Def's Ex G at 16 shows the transaction was a purchase.

using the federal mileage rate. After the audit, Plaintiffs created a mileage log for 2012, which was submitted as Exhibit 1.

Palmer testified that he is an auditor for the Department of Revenue. He testified that Defendant disallowed Plaintiffs' claimed vehicle expenses and depreciation because they failed to adequately substantiate 100 percent business use. Palmer testified that Plaintiffs' mileage logs were necessary to determine the percentage of business use of the vehicles. He testified that the mileage logs created after the audit did not match mileage reported on receipts for vehicle repairs and therefore were unreliable. (*See* Def's Ex F.) For example, Palmer noted that Plaintiffs' mileage log for June 25, 2012, shows 1,297 total miles on the Mazda Van (Def's Ex F at 7) while a service receipt from Kiefer Mazda shows mileage on that date was 2,100. (Def's Ex F at 20.) Palmer testified that Plaintiffs frequently purchased fuel for their vehicles and did so on days when there was no other business purpose. Palmer testified that Plaintiffs did not provide evidence on how trips to get food or to Les Schwab to make payments were related to a legitimate business expense.

## II. ANALYSIS

The issue before the court is Plaintiffs' deduction of claimed vehicle expenses and depreciation. In analyzing Oregon income tax cases, the court starts with several general guidelines. First, the court is guided by the intent of the legislature to make Oregon's personal income tax law identical in effect to the federal Internal Revenue Code (IRC) for the purpose of determining taxable income of individuals, wherever possible. ORS 316.007.[3] Second, in cases before the Tax Court, the party seeking affirmative relief bears the burden of proof and must establish his or her case by a "preponderance" of the evidence. ORS 305.427. Third, allowable

---

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

deductions from taxable income are a "matter of legislative grace" and the burden of proof (substantiation) is placed on the individual claiming the deduction. *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992).

As a general rule, under IRC section 262, deductions may not be taken for personal, living, or family expenses, however, under IRC section 162(a) a taxpayer may claim a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business[.]" Under that section, a taxpayer must demonstrate the business expenses claimed are both "ordinary" and "necessary" for the taxpayer to carry on his or her employment. IRC § 162(a). An expense is necessary under the IRC if it is " 'appropriate and helpful' to the taxpayer's business." *Boyd v. Comm'r*, 83 TCM (CCH) 1253, WL 236685 at *2 (2002) (citations omitted). To be ordinary, the expenses "must be of a common or frequent occurrence in the type of business involved." *Id*.

Under the IRC, certain types of deductions require a heightened level of proof, or "substantiation." IRC section 274(d) includes strict substantiation requirements for travel expenses: no deduction or credit is allowed under section 162 for any traveling expense (including meals and lodging while away from home), unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement the amount of such expense or other item; the time and place of the travel; and the business purpose of the expense. Accompanying regulations clarify the "adequate records" requirement: "[A] taxpayer shall maintain an account book, diary, log, statement of expense, trip sheets, or similar record, * * * and documentary evidence * * * which, in combination, are sufficient to establish each element of an expenditure or use * * *. It is not necessary to record information in an account book, diary, log, statement of expense, trip sheet, or similar record which duplicates

information reflected on a receipt so long as the account book, etc. and receipt complement each other in an orderly manner." Treas Reg 1.274-5T(c)(2).

Plaintiffs elected to claim deductions for actual transportation costs on the basis of 100 percent business use of two automobiles. Plaintiffs prepared a mileage log for the 2012 tax year during their tax audit in 2015. Although a contemporaneous mileage log is not strictly required, a taxpayer must provide another type of evidence that corroborates his or her claims, and the evidence "must have a high degree of probative value to elevate [it] to the level of credibility [as if it were a contemporaneous record]." Treas Reg § 1.274-5T(c)(1). In this case there are a number of defects in the evidentiary record that reduce the probative value of Plaintiffs' log. First, neither Plaintiff presented direct testimony about their business mileage. Second, the mileage log was not prepared contemporaneously with the travel. Third, the mileage log does not correspond with Plaintiffs' own records of repair. A comparison of the mileage reported on their log and on repair documents show substantial differences. Fourth, Plaintiffs originally sought to deduct costs for meals, ostensibly related to attending shows, but have chosen not to challenge that those expenses were not deductible as business expenses. The evidence suggests, but is unclear, whether Plaintiffs used their business vehicles to obtain food. That leaves the court with a substantial question as to whether Plaintiffs actually used their vehicles 100 percent for business as going for food would not have been a business expense in this case. Fifth, similar to the prior issue, Plaintiffs alleged a business purpose for going to Les Schwab to pay an outstanding bill, but the evidentiary record on that subject is unclear. Both of Plaintiffs' vehicles were purchased new; it is uncertain what, if any, connection that outstanding bill from Les Schwab had with those new vehicles. Defendant conceded at trial, and the court is persuaded, that Plaintiffs incurred some business travel expense. However, the court is unable to ascertain

the actual amount of expenses. The court will not guess and will not apply an arbitrary number based on whim. As a result, the court finds Plaintiffs have not substantiated the percentage of business use of their vehicles. Therefore, their deductions for actual travel costs are not allowed.

Plaintiffs also claimed a deduction for depreciation of their vehicles. Depreciation is computed based on a percent of business use of the asset. As detailed above, the court is unable to determine the actual percentage of business use for the vehicles. Thus, the deduction for depreciation must also be disallowed.

### III. CONCLUSION

After careful consideration, the court concludes that Plaintiffs have not met their burden of proof with respect to deductions for travel expenses. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal from Defendant's Notice of Deficiency Assessment dated August 17, 2015, for the 2012 tax year is denied.

Dated this ___ day of July 2016.

RICHARD DAVIS
MAGISTRATE

***If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.***

***This document was filed and entered on July 19, 2016.***